# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RONNISH GUPTA,** | : | **CIVIL ACTION NO. 1:11-CV-1081** |
| Petitioner | : | (Judge Conner) |
| v. | : | |
| **WARDEN MARY SABOL**, *et al.*, | : | |
| Respondent | : | |

## MEMORANDUM

Ronnish Gupta ("Gupta"), presently a detainee of the Bureau of Immigration and Customs Enforcement ("ICE"), incarcerated at the York County Prison, York, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241on June 3, 2011, requesting that "this Honorable Court grant the requested writ, and order the release of Petitioner, or, in the alternative, require Respondents at a hearing before this Court to justify Petitioner's detention by bearing the burden of proving the petitioner to be a flight risk or danger to the community." (Doc. 1, at 5.) For the reasons set forth below, the petition for writ of habeas corpus will be granted.[1]

## I.   Immigration Proceedings

Petitioner, a native and citizen of India, is presently in removal proceedings. (Doc. 1, at 2, ¶ 9). He entered the United States as a lawful permanent resident on

---

[1] A prior petition for writ of habeas corpus, filed by petitioner on June 14, 2010, and assigned case number 1:10-CV-1240, was denied because he was in custody less than six months and there was no indication of delay and, at that time, it appeared that the matter was moving forward at an acceptable pace. Gupta v. Holder, No. 1:10-CV-1240, 2010 WL 2636106 (M.D. Pa. June 28, 2010).

or about July 22, 1980.  (Doc. 1, at 2, ¶ 8.)  On or about March 30, 2009, he submitted an N-600 Application for Certificate of Citizenship to United States Citizenship and Immigration Services (USCIS).  (Doc. 6-1, at 13.)  USCIS denied the application on May 13, 2009 because he did not meet the requirements to establish derivative citizenship through either of his parents.  (Id. at 15.)  Petitioner appealed, and on November 18, 2009, a decision was issued upholding the agency determination.  (Id. at 16-21.)

On June 22, 2009, ICE served a Notice to Appear on petitioner indicating that he was subject to removal pursuant to Section 237(a)(2)(A)(iii) of the Immigration and Nationality Act ("INA"), as amended, based on his conviction of an aggravated felony.  (Doc. 6-1, at 3-5.)  He was taken into ICE custody on January 8, 2010.  (Doc. 1, at 2, ¶ 11.)  On January 14, 2010, an Immigration Judge ("IJ") denied petitioner's request that he be released on bond and noted that he is subject to mandatory detention under INA § 236(c).  (Doc. 6-1, at 22.)  His request for relief from removal based on derivative citizenship was denied and he was ordered removed to India on May 10, 2010.  (Doc. 1, at 2, ¶ 13; Doc. 6-1, at 24-29)  His request to reopen his case based on new evidence was subsequently denied.  (Id. at 2, ¶ 14.)

On June 8, 2010, petitioner filed a Notice of Appeal with the Board of Immigration Appeals ("Board").  (Doc. 1, at 2, ¶ 15.)  On or about August 12, 2010, he made another request for parole to ICE.  The request was denied on September 9, 2010 because under ICE's guidelines for detention, he is subject to mandatory detention under section 236(c) of the INA.  (Id. at  ¶ 16; Doc. 6-1 at 30.)

On December 2, 2010, the appeal to the Board was granted in that a three-member panel of the Board remanded the proceedings back to the IJ based on several errors that were made in determining the existence of derivative citizenship.  (Doc. 6-1, at 31-33.)

On March 29, 2011, in a written decision, the IJ again denied petitioner's claim for derivative citizenship, and ordered him removed to India.  (Id. at 34-38.) A Notice of Appeal was filed with the Board on April 29, 2011, and is currently pending.  (Doc. 1, at ¶ 20.)

The instant petition was filed on June 3, 2011.

**II.    Discussion**

The apprehension and detention of aliens who are pending final removal decisions are governed by § 236 of INA, 8 U.S.C. § 1226.  Section 1226(c)(1)(B), instructs the Attorney General to take into custody and detain any alien who is deportable by reason of having committed any offense covered in section 8 U.S.C. § 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D).  In Demore v. Kim, 538 U.S. 510 (2003), the Supreme Court found that mandatory detention prior to the entry of a final order of removal under § 1226(c) does not violate the protections guaranteed under the Constitution.  In Demore, a lawful permanent resident filed a habeas petition challenging the no-bail provision of § 1226(c), pursuant to which he had been held for six months during the pendency of removal proceedings against him.  The Supreme Court held that detention of lawful permanent residents during removal proceedings is constitutionally permissible even where there has been no finding

that they are unlikely to appear for their deportation proceedings. See id. at 524-529.

However, in this case, the Court concurs with the position recently taken by the United States Court of Appeals for the Third Circuit, which is a growing consensus within this district and throughout the federal courts, that prolonged detention of aliens under § 1226(c) raises serious constitutional concerns. Diop v. ICE/Homeland Security, --- F.3d ----, Civil No. 10-1113, 2011 WL 3849739 (C.A.3 (Pa.)); see, Tijani v. Willis, 430 F.3d 1241, 1242 (9th Cir. 2005); Ly v. Hansen, 351 F.3d 263, 267-68 (6th Cir. 2003); Prince v. Mukasey, 593 F. Supp. 2d 727, 734 (M.D.Pa. 2008). The Demore court repeatedly qualified its holding by noting that mandatory detention is constitutionally permissible for the "brief," id. at 513, 523, "limited," id. at 526, 529 n. 12, 531 and "temporary," id. at 531, period necessary for removal proceedings. Although prolonged detention serves the statutory purpose of guaranteeing an alien's presence at removal proceedings, it does not satisfy the expectation that such proceedings will be conducted in an expeditious manner. Ly, 351 F.3d at 269; see also Patel v. Zemski, 275 F.3d 299, 304 (3d Cir. 2001), overruled on other grounds by Demore, 538 U.S. at 516 (noting "[t]he current immigration laws reflect part of a growing effort by Congress to expedite the removal of criminal aliens"). Recently, the United State Court of Appeals for the Third Circuit in Diop, joined the above courts in concluding as follows:

> It was unconstitutional to detain Diop for nearly three years under the authority granted by Congress in § 1226(c). Nevertheless, "if Congress has made its intent in the statute clear, we must give effect to that intent." Zadvydas, 533 U.S. at 696 (internal quotation marks omitted). We do not believe that Congress intended to authorize prolonged, unreasonable, detention without a bond hearing. For one, the parties have not provided any legislative history in support of such a conclusion. Furthermore, in Demore, the Supreme Court observed that Congress directed the INS to "complete removal proceedings against [criminal aliens] as promptly as possible." 538 U.S. at 530 n. 13. This, combined with statistics showing that detention is often for only a brief period of time, leads us to believe that Congress did not intend to authorize prolonged detention pursuant to § 1226(c) without, at some point, requiring further inquiry into whether detention is necessary to carry out that statute's purpose. Accordingly we conclude that § 1226(c) contains an implicit limitation of reasonableness: the statute authorizes only mandatory detention that is reasonable in length. After that, § 1226(c) yields to the constitutional requirement that there be a further, individualized, inquiry into whether continued detention is necessary to carry out the statute's purpose. Cf. Zadvydas, 533 U.S. at 682, 699 (reading § 1231 to contain an implicit "reasonable time" limitation on the length of post-removal detention).

Diop, 2011 WL 3849739, at * 22.

In the matter *sub judice*, in denying his requests for release on parole, ICE simply relied on the mandatory detention provision. ICE's current position is that petitioner's detention "has not been unreasonably prolonged such that he is entitled to habeas relief and his mandatory detention under section 236(c) of the INA is constitutionally permissible." (Doc. 6, at 6.) And, to the extent that his detention has been prolonged, ICE places the blame on petitioner in emphasizing that he has twice appealed decisions of the IJ to the BIA. (Id. at 9.)

Petitioner has been in ICE detention approaching twenty months while his removal proceedings, which involve a claim for derivative citizenship, have bounced back and forth between the IJ and the BIA.  Although petitioner may be responsible for seeking relief from removal, despite respondents' contention to the contrary, he is not responsible for the amount of time such determinations may take.  Nor can he be found responsible for the errors of judgment made by the IJ in considering his derivative citizenship claim, which resulted in the matter being remanded back to the IJ by the BIA.  His current appeal has been pending with the BIA in excess of four months and ICE has denied his prior requests for release on parole by simply relying on the mandatory detention provision.

The past procedural history of this matter, combined with ICE's inflexible guidelines governing mandatory detention under Section 236(c) of the INA, leads this Court to conclude that the administrative and appellate process will be time-consuming and could result in petitioner being detained for many months in addition to the twenty months he has already spent in custody.  Such prolonged detention is not reasonable.  Accordingly, the court will grant the petition for writ of habeas corpus.  See Nunez-Pimental v. U.S. Dep't of Homeland Security, No. 07-1915, 2008 WL 2593806, at * 5 (M.D. Pa. June 27, 2008) (prolonged detention justified habeas relief that released alien under reasonable conditions of supervision).

**III.**	**Conclusion**

Based on the foregoing, the petition for writ of habeas corpus will be granted and petitioner will be ordered released.

An appropriate order will issue.

		 S/ Christopher C. Conner
		CHRISTOPHER C. CONNER
		United States District Judge


Dated:	September 6, 2011

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RONNISH GUPTA,** | : | CIVIL ACTION NO. 1:11-CV-1081 |
| | : | |
| Petitioner | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **WARDEN MARY SABOL**, *et al.*, | : | |
| | : | |
| Respondent | : | |

## <u>ORDER</u>

AND NOW, this 6th day September, 2011, upon consideration of the petition for writ of habeas corpus (Doc. 1), it is hereby ORDERED that:

1. The petition for writ of habeas corpus (Doc. 1) is GRANTED.

2. Respondents shall RELEASE petitioner forthwith, subject to reasonable conditions of supervision in accordance with applicable law and regulations

3. Within twenty days of the date of this Order, respondents shall notify the Court of petitioner's release and any conditions imposed on such release.

   S/ Christopher C. Conner  
CHRISTOPHER C. CONNER  
United States District Judge